## TABLE OF AUTHORITIES

### Constitutional Provisions

U.S. Const. Amend. IV (Unreasonable Seizure of Property Without Due Process)

U.S. Const. Amend. XIV, § 1 (Due Process; Equal Protection).

### Federal Statutes

5 U.S.C. § 552a (Privacy Act — Unauthorized Disclosure of SSN from Government Records)

18 U.S.C. § 513 (Forgery of Government-Issued Documents)

18 U.S.C. § 872 (Extortion Under Color of Law)

18 U.S.C. § 1001 (False Statements to Federal Agency or Program)

18 U.S.C. § 1621 (Perjury — Willful False Sworn Statements)

18 U.S.C. § 2721 (Driver's Privacy Protection Act — Prohibited Disclosures)

18 U.S.C. § 2724 (DPPA — Civil Action; Minimum $2,500 Per Violation; Punitive Damages)

25 U.S.C. § 1301 et seq. (Indian Civil Rights Act)

28 U.S.C. § 1331 (Federal Question Jurisdiction)

28 U.S.C. § 1343(a)(3)-(4) (Civil Rights Subject Matter Jurisdiction)

28 U.S.C. § 1360 (Limitation on State Civil Jurisdiction Over Tribal Land)

28 U.S.C. § 1367(a) (Supplemental Jurisdiction Over Pendent State Claims)

28 U.S.C. § 1391(b)(1)-(2) (Venue)

28 U.S.C. § 1738B (Full Faith and Credit for Child Support Orders Act — FFCCSOA)

28 U.S.C. § 2201 (Declaratory Judgment Act)

31 U.S.C. § 3729 (False Claims Act — Prohibited Acts; Treble Damages)

31 U.S.C. § 3730(b)(2) (Qui Tam — Filed In Camera and Under Seal)

31 U.S.C. § 3730(d) (Relator Share: 15–30% of Proceeds)

31 U.S.C. § 3730(e)(4)(B) (Original Source Definition)

31 U.S.C. § 3732(a) (False Claims Act — Jurisdiction)

42 U.S.C. § 608(a)(3) (URA Collection Authority — Expires With Assistance Period)

42 U.S.C. § 654(26) (Title IV-D SSN Safeguarding Requirements)

42 U.S.C. § 1983 (Civil Rights Act — Color of State Law)

42 U.S.C. § 1985(3) (Conspiracy to Deprive Equal Rights — Class-Based Animus)

42 U.S.C. § 1986 (Neglect to Prevent Conspiracy — Personal Liability)

42 U.S.C. § 1988 (Attorney's Fees — Prevailing Civil Rights Plaintiff)

### Cases

Ankenbrandt v. Richards, 504 U.S. 689 (1992) ............ domestic relations exception — limits

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................. plausibility pleading standard

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ...... notice pleading / Rule 8

Bell v. Burson, 402 U.S. 535 (1971) ...................... license = protected property interest

Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109 (8th Cir. 1981) .. TRO sliding scale

Ex Parte Young, 209 U.S. 123 (1908) ...................... prospective relief / official capacity

Goldberg v. Kelly, 397 U.S. 254 (1970) ................... pre-termination due process — benefits

Griffin v. Breckenridge, 403 U.S. 88 (1971) ............. § 1985(3) class-based animus

Mathews v. Eldridge, 424 U.S. 319 (1976) ................. due process balancing test

Montana v. United States, 450 U.S. 544 (1981) ........... tribal sovereignty — Montana Doctrine

New Hampshire v. Maine, 532 U.S. 742 (2001) .............. judicial estoppel

Pearson v. Callahan, 555 U.S. 223 (2009) ................. qualified immunity analysis

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) .. sovereign immunity

Scheuer v. Rhodes, 416 U.S. 232 (1974) ................... ultra vires / personal liability

Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013) Younger abstention — limits

United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825 (1983) .. § 1985(3) class

West v. Atkins, 487 U.S. 42 (1988) ...................... color of state law

Williams v. Lee, 358 U.S. 217 (1959) .................... state jurisdiction over tribal members

Winter v. Nat. Resources Defense Council, 555 U.S. 7 (2008) TRO four-factor test

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **JAMES DEAN LUNDAY JR.,** an enrolled member of the Turtle Mountain Band of Chippewa Indians, and sole proprietor of R.E.Z. Underground (TERO-Certified),<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STATE OF NORTH DAKOTA;** NORTH DAKOTA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Devils Lake Regional Child Support Unit; | Civil Action No.: _____<br><br>**REVISED FEDERAL CIVIL RIGHTS COMPLAINT**<br><br>Counts I–X:<br>42 U.S.C. § 1983;<br>42 U.S.C. §§ 1985(3), 1986;<br>31 U.S.C. § 3729 (False Claims Act);<br>18 U.S.C. §§ 2721, 2724 (DPPA);<br>5 U.S.C. § 552a (Privacy Act);<br>28 U.S.C. § 1738B (FFCCSOA);<br>Pendent State Tort Claims |

VINCENT N. KNUTH, Special Assistant Attorney General

(ND Bar No. 09274), individually and in his official capacity;

COURTNEY A. EVENSON, Special Assistant Attorney General

(ND Bar No. 08764), individually and in her official capacity;

SHANNON DRURY, DHHS Case Manager,

individually and in her official capacity;

NORTH DAKOTA DEPARTMENT OF COMMERCE;

SHAYDEN AKASON, Director,

individually and in his official capacity;

Defendants.

**JURY TRIAL DEMANDED**

FILE A — Document 1 of 8

---

## PRELIMINARY STATEMENT — WHY THIS CASE CANNOT BE DISMISSED

This is not a pleading that rests on conclusions. It rests on **Defendants' own certified records**. Every exhibit cited herein was created, signed, certified, stamped, or maintained by the Defendants themselves. Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint whose factual allegations are proven by the opposing party's own documents is not merely plausible — it is **irrefutable**.

The Defendants cannot contest: **(1)** their own court order declaring the debt void in July 2019 *(Exhibit I)*; **(2)** their own administrative ledger zeroing the same balance in July 2019 *(Exhibit AG)*; **(3)** their own attorney's affidavit bearing a stamp dated eleven months before the document was signed *(Exhibit D)*; **(4)** their own federal BIA verification entered into the court record the day before their sworn testimony of the contrary *(Exhibit J)*; **(5)** their own digital enforcement system showing both void cases simultaneously active *(Exhibit G)*; and **(6)** their own DOT email confirming the reinstatement fee was already paid before they demanded it again *(Exhibit P)*. These are not allegations. **They are the State's own admissions.**

This complaint is brought not for media attention or a windfall. It is brought to restore what was taken from a father, his two children, and his family — and to hold accountable the state officials

who used the machinery of government to take it. Plaintiff asks only that this Court apply the law to the facts the State itself created.

## SECTION I — JURISDICTION AND VENUE

1. Subject matter jurisdiction exists under **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343(a)(3)-(4)** (civil rights). This action arises under: 42 U.S.C. § 1983; 42 U.S.C. §§ 1985(3) and 1986; 42 U.S.C. § 1988; 31 U.S.C. § 3729; 28 U.S.C. § 1738B; 28 U.S.C. § 1360; 25 U.S.C. § 1301 et seq.; 18 U.S.C. §§ 513, 872, 1001, and 1621; 18 U.S.C. §§ 2721 and 2724; 5 U.S.C. § 552a; and the Fourth and Fourteenth Amendments to the United States Constitution.

2. False Claims Act jurisdiction exists under **31 U.S.C. § 3732(a)**. Plaintiff is the original source under **31 U.S.C. § 3730(e)(4)(B)**, having disclosed the specific dual-certification fraud to the HHS Office of Inspector General on February 13, 2026 (Exhibit BS), prior to any public disclosure or government knowledge. The qui tam action is filed separately, in camera and under seal, pursuant to **31 U.S.C. § 3730(b)(2)**. No factual basis of the sealed action beyond what appears in this public complaint is disclosed herein.

3. Supplemental jurisdiction over all state tort claims exists under **28 U.S.C. § 1367(a)**, as every state claim shares a common nucleus of operative facts with the federal claims and arises from the same continuous fraudulent enforcement scheme.

4. Individual Defendants acting in their personal capacities are subject to suit under *Ex Parte Young*, 209 U.S. 123 (1908). Defendants who submitted forged documents and perjurious sworn statements to sovereign tribal and federal courts under color of state law acted ultra vires and stripped themselves of Eleventh Amendment protection.

5. Under **28 U.S.C. § 1360** and the Montana Doctrine, *Montana v. United States*, 450 U.S. 544 (1981), and *Williams v. Lee*, 358 U.S. 217 (1959), the State of North Dakota lacks civil jurisdiction over the commercial activity of an enrolled tribal member on tribal land absent express Congressional authorization. No such authorization has ever been granted here.

6. Venue is proper in the District of North Dakota, Northwestern Division, under **28 U.S.C. § 1391(b)(1) and (b)(2)**. All Defendants reside or operate within this district. All actionable

conduct occurred within this district. The Turtle Mountain Band of Chippewa Indians Reservation is located within this district.

## SECTION II — PARTIES

7. PLAINTIFF JAMES DEAN LUNDAY JR. is an enrolled member of the Turtle Mountain Band of Chippewa Indians, residing at 3394 BIA Road 8, Dunseith (Shell Valley), North Dakota 58329. He is the sole proprietor of R.E.Z. Underground, a TERO-certified tribal enterprise and the only locally-based horizontal directional drilling (HDD) contractor on the Turtle Mountain Reservation. He appears pro se.

8. DEFENDANT STATE OF NORTH DAKOTA is sued in its official capacity solely for prospective injunctive and declaratory relief under *Ex Parte Young*, 209 U.S. 123 (1908). The Eleventh Amendment does not bar this relief.

9. DEFENDANT NORTH DAKOTA DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS), through its Devils Lake Regional Child Support Unit, administered, certified, and enforced the fraudulent dual-ledger system against Plaintiff for nine years.

10. DEFENDANT DEVILS LAKE REGIONAL CHILD SUPPORT UNIT is the DHHS subdivision that on September 16, 2019, injected $23,400.00 into tribal enforcement file TM-20192570 with no court order, no hearing, and no legal derivation from any valid judgment — six weeks after the State's own court declared the underlying case closed (Exhibit I) and its own ledger was zeroed (Exhibit AG). (Exhibit C.)

11. DEFENDANT COURTNEY A. EVENSON, ND Bar No. 08764, Special Assistant Attorney General, signed an affidavit on March 6, 2020 bearing a tribal court stamp dated March 11, 2019 — eleven months before the document was created. This constitutes document forgery under 18 U.S.C. § 513, perjury under 18 U.S.C. § 1621, and false certification to a federal program under 18 U.S.C. § 1001. She is sued individually and in her official capacity.

12. DEFENDANT VINCENT N. KNUTH, ND Bar No. 09274, Special Assistant Attorney General, filed a sworn statement on February 10, 2026 — one day after BIA federal verification (Exhibit J, stamped 2:02 PM, February 9, 2026) was entered into the Tribal Court record confirming Plaintiff receives no general assistance — claiming Plaintiff owed

$65,569.13 in active assistance debt. He is charged with constructive notice of the BIA letter already in the file. His contrary sworn statement the following morning constitutes willful perjury under 18 U.S.C. § 1621. He is sued individually and in his official capacity.

13. DEFENDANT SHANNON DRURY, DHHS Case Manager, issued an $850.00 reinstatement fee demand on May 20, 2025 — six days after the State's own DOT confirmed in writing the fee was already paid (Exhibit P) — and administered coordinated retaliatory SNAP enforcement actions against Plaintiff. She is sued individually and in her official capacity.

14. DEFENDANT NORTH DAKOTA DEPARTMENT OF COMMERCE denied Plaintiff's $148,000 federal tribal infrastructure grant using a rule not published during the open application window, following Plaintiff's formal disclosure of the case fraud to state authorities.

15. DEFENDANT SHAYDEN AKASON, Director of the North Dakota Department of Commerce, authorized the grant denial. He is sued individually and in his official capacity.

## SECTION III — STATEMENT OF FACTS

### A. THE LAWFUL BASELINE — MAY 2011 STIPULATION (EXHIBIT A)

16. In May 2011, Plaintiff and Jennifer Lunday entered a judicially approved Stipulation and Order in Case No. 40-10-R-45, Rolette County District Court, establishing a monthly obligation of **$600.00, paid directly to Jennifer Lunday**. This Stipulation constitutes the *sole lawfully adjudicated baseline*. No court-approved modification was ever personally served on Plaintiff. Every dollar the State claims beyond this baseline is unauthorized.

### B. THE FEDERAL SHIELD — CONTROLLING TRIBAL DECREE, MAY 4, 2016 (EXHIBIT J)

17. On May 4, 2016, Chief Judge MaDonna Marcellais of the Turtle Mountain Tribal Court signed the Final Order for Dissolution of Marriage in Case No. CA# 15-5064, establishing $600.00/month direct pay to Jennifer Lunday. This is the **CONTROLLING ORDER** under **28 U.S.C. § 1738B** — the Full Faith and Credit for Child Support Orders Act (FFCCSOA). Every court and agency in the United States is federally required to enforce this order as written, without modification, absent specific statutory conditions enumerated in § 1738B. The State of North Dakota has defied this federal mandate for **nine consecutive years**.

18. On February 9, 2026 at 2:02 PM, Jennifer Champagne, BIA Social Services Worker, Branch of Human Services, United States Department of the Interior, certified in writing to the Turtle Mountain Tribal Court that Plaintiff receives **NO general assistance**. (Exhibit J.) This federal verification demolished the State's entire Unreimbursed Public Assistance (URA) collection authority under **42 U.S.C. § 608(a)(3)**. The URA authority window had already closed in January 2017. **Every enforcement action taken after January 2017 to collect a 'reimbursement' debt that never legally existed carries no statutory authority.**

## C. THE VOID STATE CASE — CASE NO. 40-2016-DM-28 (EXHIBITS L, T)

19. On April 26, 2016, Case No. 40-2016-DM-28 was filed in Rolette County District Court. This case was **NEVER personally served on Plaintiff**. Service consisted exclusively of mail-only service (Exhibits L, T) — constitutionally insufficient under **Fed. R. Civ. P. 4** and the Due Process Clause of the Fourteenth Amendment. **This case is void ab initio. Every enforcement action taken on it for nine years rests on a constitutionally void foundation.**

## D. THE 'GHOST MAILING' FRAUD — FABRICATED AFFIDAVIT OF SERVICE (EXHIBIT T)

20. Defendants submitted a sworn Affidavit of Mailing by Clarissa Powell claiming service originated from **Eureka, California**. Physical forensic analysis of the envelopes received by Plaintiff reveals a **Grand Forks, North Dakota** postmark — directly contradicting the sworn affidavit. (Exhibit T.) This fabrication was designed to: (a) manufacture the appearance of lawful distant-origin service; (b) artificially compress Plaintiff's statutory response period; and (c) create a procedural default against Plaintiff. This constitutes perjury under 18 U.S.C. § 1621 and fraud upon the court. It is incorporated into Count I as an affirmative manipulation of Plaintiff's notice rights, and into Count V as a conspiracy overt act.

## E. THE TRIPLE-LEDGER IMPOSSIBILITY — MANUFACTURED DEBT (EXHIBITS I, AG, C)

21. The manufactured debt is proven by three state-produced records that cannot be reconciled with any innocent explanation: **(1)** On July 29, 2019, the Rolette County District Court entered an Order to Return Bond on Case No. 40-2016-DM-28 — a judicial determination of no valid outstanding debt (**Exhibit I — Smoking Gun #1**). **(2)** On July 18, 2019, the Devils Lake Regional Child Support Unit posted a negative ledger adjustment of **$22,684.72**, clearing the balance to zero (Exhibit AG). Two independent state systems — the court and the

administrative agency — independently confirmed no debt existed. **(3)** Six weeks later — on September 16, 2019 — Defendants injected **$23,400.00** into new tribal enforcement file TM-20192570 with no court order, no hearing, no notice, and no legal derivation from any valid judgment. (Exhibit C.) *A clerical error does not produce a $23,400 balance six weeks after two independent state systems have zeroed the same debt.*

## F. THE FORGED AFFIDAVIT — EXHIBIT D (SMOKING GUN #2)

22. On March 6, 2020, Defendant Evenson signed an 'Affidavit of Attorney in Regards to Child Support Arrears' certifying the $23,400.00 balance to the Tribal Court. This affidavit bears a tribal court stamp dated **March 11, 2019 — eleven months before the affidavit was signed and notarized**. A court stamp cannot authentically precede a document by eleven months. This is forensic proof of document forgery under 18 U.S.C. § 513, perjury under 18 U.S.C. § 1621, and false certification to a federal Title IV-D program under 18 U.S.C. § 1001. Plaintiff's forensic comparison (Exhibit AD) confirms no other state document in this record bears a tribal court stamp of this character.

## G. KNUTH'S WILLFUL PERJURY — CONSTRUCTIVE NOTICE (EXHIBIT J)

23. On February 10, 2026 — **one day** after the BIA verification letter (Exhibit J) was stamped into the Tribal Court record at 2:02 PM — Defendant Knuth filed a sworn statement claiming Plaintiff had made zero payments and owed **$65,569.13 in active assistance debt**. Under the doctrine of constructive notice, an officer of the court is charged with knowledge of every document in the court file at the time of filing. Knuth is legally presumed to have known of the BIA letter. He filed contrary sworn testimony the **next morning**. This is willful perjury under 18 U.S.C. § 1621, committed under color of state law, actionable under 42 U.S.C. § 1983. *The scienter is not inferred. It is established by the 24-hour gap between the federal document and the contrary sworn statement.*

## H. UNAUTHORIZED SSN DISCLOSURES — FIVE DOCUMENTED VIOLATIONS (EXHIBITS BL, E)

24. Defendants made five separate unauthorized disclosures of Plaintiff's unredacted Social Security Number (SSN): three in connection with License Suspension Orders transmitted to the ND DOT in July 2017, and two additional written disclosures. (Exhibits BL, E.) These violate: (a) **18 U.S.C. § 2721(b)** (Driver's Privacy Protection Act — prohibited disclosures

from motor vehicle records), with civil remedy under **18 U.S.C. § 2724** providing not less than **$2,500 per violation** plus punitive damages for willful violations; and (b) **5 U.S.C. § 552a** (Privacy Act — unauthorized disclosure of SSN records from federal program records). Minimum floor: **$12,500 (5 violations × $2,500)** plus punitive damages.

## I. THE CONCURRENT ACTIVE DOCKETS — TITLE IV-D FRAUD (EXHIBITS G, BC)

25. As of May 23, 2026, the State's own digital child support enforcement system shows both Case No. 40-2016-DM-28 (the void, never-served state case) **AND** Case No. TM-20192570 (the manufactured tribal ledger) marked **ACTIVE simultaneously** against the same obligor for the same alleged obligation. (Exhibits G, BC.) This dual-active status is the mechanism by which Defendants drew down federal Title IV-D matching funds on two void cases simultaneously — presenting false claims to the United States Treasury in violation of 31 U.S.C. § 3729. **Two enforcement systems do not simultaneously mark the same void debt active by accident.**

## J. LICENSE SUSPENSION — NO COURT ORDER EXISTS (EXHIBIT E)

26. In July 2017, Defendants suspended Plaintiff's standard driver's license based on Case No. 40-2016-DM-28 — a case void ab initio for failure of personal service. **No court order authorizing this suspension exists anywhere in the North Dakota court record.** (Exhibit E.) The suspension directly and foreseeably destroyed R.E.Z. Underground — the only locally-based HDD contractor on the Turtle Mountain Reservation (Exhibit BO) — without any prior hearing, in direct violation of *Bell v. Burson*, 402 U.S. 535 (1971), and *Goldberg v. Kelly*, 397 U.S. 254 (1970).

## K. RETALIATORY ENFORCEMENT — THE DOCUMENTED TEMPORAL SEQUENCE (EXHIBITS BD, AS, P, Q)

27. The following sequence of state actions establishes retaliatory enforcement as a matter of documented timing — not inference:

28. **January 27, 2026**: Plaintiff files pleadings in Turtle Mountain Tribal Court. **January 28, 2026, 4:30 AM**: DHHS batch-generates five simultaneous SNAP adverse notices — including a 'Missed Interview' notice for an interview never communicated to Plaintiff. (Exhibit BD.)

Five simultaneous adverse notices at 4:30 AM the morning after a court filing is not administrative coincidence.

29. **April 26–27, 2026**: Plaintiff delivers written notice to ND Department of Commerce official of impending defendant status. **Within 72 hours**: All withheld SNAP benefits are fully restored. (Exhibit AS.) *A substantively justified administrative determination does not reverse itself within 72 hours of a litigation threat. The restoration is the State's own proof the withholding was retaliatory.*

30. **May 14, 2025**: State's own DOT confirms in writing Plaintiff's reinstatement fee was **already paid**. (Exhibit P.) **May 20, 2025**: Defendant Drury demands $850.00 as a condition of restoration — six days after State's own records confirmed payment. (Exhibit Q.) This constitutes extortion under color of law under 18 U.S.C. § 872.

## L. THE FAMILY AS VICTIM — JENNIFER LUNDAY AND THE CHILDREN

31. Jennifer Lunday (former spouse) and the parties' two children — **E.J.L. (DOB: 3/27/04)** and **T.J.L. (DOB: 6/3/10)** — are direct victims of the same enforcement scheme. The direct-pay structure of the May 4, 2016 Tribal Decree was subverted by state administrative machinery that neither parent authorized and from which neither parent benefited. The State manufactured a phantom debt, intercepted Plaintiff's COVID stimulus payment, suspended his commercial license, and destroyed his tribal enterprise — stripping this family of the financial security the controlling Tribal Decree was designed to protect.

## M. DEFENDANTS' DELIBERATE INDIFFERENCE — THE FIVE-NOTICE CHAIN

32. Defendants received five formal pre-litigation written notices and took no corrective action: (1) **February 9, 2026** — Formal Notice of Demand and Audit Request, certified mail (Exhibit AZ) — no response; (2) **Notice of Dual Certification Fraud** (Exhibit BI) — no response; (3) **April 26–27, 2026** — Written notice to Commerce official — SNAP restored within 72 hours confirming retaliation, enforcement continued; (4) **May 26, 2026** — State issued a new enforcement notice on the void tribal case (Exhibit BM); (5) **June 1, 2026** — Final rejection of administrative review and notice of imminent federal filing — acknowledged by DHHS auto-reply at 2:32 PM (Exhibit BN) with no corrective action. **Continued enforcement after five formal written notices is not negligence. It is deliberate indifference — and it is the definition of conduct warranting punitive damages.**

---

## SECTION IV — CONTROLLING LEGAL STANDARDS

### Twombly / Iqbal — Plausibility Standard Satisfied

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claim is plausible when its factual content allows the Court to draw the reasonable inference of liability. This Complaint requires no inference. The Triple-Ledger Impossibility (¶ 21), the chronologically impossible stamp (¶ 22), and the BIA/Knuth 24-hour scienter sequence (¶ 23) leave zero room for an innocent explanation. A defendant who cannot contest its own court orders, its own ledger entries, and its own attorneys' affidavits cannot prevail on a Rule 12(b)(6) motion.

### Goldberg v. Kelly, 397 U.S. 254 (1970) — Pre-Termination Due Process

Goldberg requires adequate pre-termination notice, an oral hearing, the right to confront adverse witnesses, and a written statement of reasons before the government may terminate benefits on which a recipient depends for basic needs. Defendants generated five simultaneous SNAP adverse notices at 4:30 AM without any hearing, without notice of any interview, and without any substantive basis — then restored all benefits within 72 hours of a litigation threat. *Every Goldberg requirement was violated. The 72-hour restoration is the State's own admission that the violation was retaliatory.*

### Bell v. Burson, 402 U.S. 535 (1971) — Driver's License as Protected Property

Bell v. Burson established that a driver's license is a constitutionally protected property interest requiring a prior hearing before revocation. Plaintiff's license was suspended in July 2017 with no court order, no hearing, and no lawful basis — on a void case. No corrective action has been taken in nine years.

### Mathews v. Eldridge, 424 U.S. 319 (1976) — Due Process Balancing

All three Mathews factors weigh entirely for Plaintiff: (1) private interest — entire commercial livelihood and family's financial survival; (2) risk of erroneous deprivation — proven 100%, as the debt was manufactured on a void foundation; (3) government interest in the specific enforcement actions taken — zero, as both underlying cases are void.

**Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825 (1983) — § 1985(3) Class-Based Animus**

Griffin requires class-based discriminatory animus for a § 1985(3) conspiracy claim. Enrolled members of federally recognized Indian tribes are a cognizable class for § 1985(3) purposes. The Eighth Circuit applies § 1985(3) where a class-based conspiracy targets members of a protected group in the exercise of their federal rights. Defendants here targeted an enrolled tribal member **because of** his assertion of tribal sovereignty and FFCCSOA-protected rights — satisfying the *Griffin/Scott* animus requirement.

## SECTION V — CAUSES OF ACTION

| COUNT I — PROCEDURAL DUE PROCESS | 42 U.S.C. § 1983 | U.S. Const. Amend. XIV |

Against All Defendants

33. Plaintiff realleges and incorporates by specific reference the factual allegations in paragraphs 16 through 32 as though fully set forth herein.

34. Defendants, acting under color of state law, deprived Plaintiff of constitutionally protected liberty and property interests — his driver's license (*Bell v. Burson*), his commercial enterprise (R.E.Z. Underground), his federal subsistence benefits (*Goldberg v. Kelly*), and his right to honest enforcement of the only lawful child support order — without constitutionally adequate process at any step.

35. The deprivations were accomplished: (a) without personal service of process on any valid case (¶ 19); (b) without any pre-deprivation hearing; (c) without adequate notice — the Ghost Mailing fraud (¶ 20) affirmatively manipulated Plaintiff's notice period and response time; (d) without any opportunity to be heard; and (e) without any valid legal basis, as the State's own judicial records declared the underlying case closed and the debt zeroed in July 2019 (Exhibits I, AG).

36. Goldberg v. Kelly's pre-termination hearing requirement was violated by the batch generation of five simultaneous SNAP adverse notices at 4:30 AM on January 28, 2026 — the morning after Plaintiff's tribal court filing — without prior notice, without any hearing, and without any legitimate substantive basis, as proven by the restoration of benefits within 72 hours of a litigation threat.

37. Under **28 U.S.C. § 1738B**, the May 4, 2016 Tribal Dissolution Decree (Exhibit J) is a federally protected controlling order the State was legally required to honor from May 4, 2016, forward. Nine years of parallel void enforcement against a federally protected sovereign order constitutes a continuing constitutional violation for which no statute of limitations has run.

38. As a direct and proximate result of Defendants' due process violations, Plaintiff suffered: nine-year destruction of R.E.Z. Underground's commercial operations; wrongful denial of $148,000 in federal infrastructure grant funds; interception of $1,200 COVID stimulus and $854.40 in additional federal funds; wrongful deprivation of SNAP benefits; severe emotional distress; and destruction of this family's financial stability. Plaintiff seeks compensatory damages, punitive damages, prospective injunctive relief, and attorney's fees under 42 U.S.C. §§ 1983 and 1988.

---

### COUNT II — DOCUMENT FORGERY AND WILLFUL PERJURY | 42 U.S.C. § 1983; 18 U.S.C. §§ 513, 1621, 1001

Against Defendants Evenson and Knuth, individually

39. Plaintiff realleges paragraphs 22 and 23 as though fully set forth herein.

40. Defendant Evenson submitted to the Tribal Court an affidavit signed March 6, 2020 bearing a tribal court stamp dated March 11, 2019 — **eleven months before the document was created**. A court stamp that predates a document by eleven months is a forensic impossibility constituting: (a) document forgery under **18 U.S.C. § 513**; (b) perjury under **18 U.S.C. § 1621**; and (c) false certification to a federal Title IV-D program under **18 U.S.C. § 1001**. These acts, performed under color of state law to certify a manufactured debt to a sovereign tribal court, are fully actionable under **42 U.S.C. § 1983**.

41. Defendant Knuth filed a sworn statement on February 10, 2026 claiming $65,569.13 in active assistance debt — **one day after** the BIA verification letter (Exhibit J) was stamped into the court record at 2:02 PM proving no assistance exists. Under the doctrine of constructive notice, Knuth is legally charged with knowledge of that document. His contrary sworn testimony the following morning constitutes **willful perjury under 18 U.S.C. § 1621** committed under color of state law.

42. Qualified immunity does not protect this conduct. *Scheuer v. Rhodes*, 416 U.S. 232, 247 (1974). The right to be free from government officials submitting forged documents and perjurious affidavits to courts of record was clearly established at the time of each violation.

43. As a direct and proximate result of Evenson's forgery and Knuth's perjury, the manufactured $23,400 debt was certified to the Tribal Court and enforced for six additional years — causing all downstream damages flowing from that enforcement. Plaintiff seeks compensatory damages, punitive damages in an amount sufficient to deter future misconduct, and referral to the North Dakota State Bar for disciplinary proceedings.

## COUNT III — INTERFERENCE WITH FEDERALLY PROTECTED TRIBAL COMMERCE | 42 U.S.C. § 1983; 28 U.S.C. § 1360; Williams v. Lee; Montana Doctrine

Against All Defendants

44. Plaintiff realleges paragraphs 19, 26, and 30 as though fully set forth herein.

45. R.E.Z. Underground is a TERO-certified tribal enterprise and the only locally-based HDD contractor on the Turtle Mountain Reservation. (Exhibit BO.) Under **28 U.S.C. § 1360** and *Williams v. Lee*, 358 U.S. 217 (1959), the State of North Dakota lacks civil jurisdiction over a tribal member's commercial activity on tribal land absent express Congressional authorization. No such authorization exists. The July 2017 suspension of Plaintiff's commercial license — without any court order, on a void case, over a federally protected tribal court decree — constituted an unlawful invasion of sovereign tribal commercial territory.

46. The causal chain is direct and unbroken: void suspension → loss of commercial operating capability → loss of all HDD contracts on the reservation → nine years of business destruction. Under the Montana Doctrine, *Montana v. United States*, 450 U.S. 544 (1981), this constituted a constitutionally impermissible exercise of state regulatory power over tribal commercial activity.

47. The denial of Plaintiff's $148,000 federal infrastructure grant (Exhibit AQ) using a rule not published during the open application window (Exhibit AT) — issued after Plaintiff's disclosure of fraud to state authorities — constitutes arbitrary and capricious interference with federally protected tribal commerce, violating both federal Indian trust responsibilities and 42 U.S.C. § 1983.

48. As a direct and proximate result of Defendants' interference, Plaintiff suffered: nine years of commercial revenue loss ($800,000–$1,200,000); $148,000 in wrongfully denied federal grant funds; and the permanent foreclosure of irreplaceable tribal infrastructure contracts. Plaintiff seeks compensatory damages, punitive damages, and prospective injunctive relief.

## COUNT IV — RETALIATORY ENFORCEMENT AND EXTORTION UNDER COLOR OF LAW | 42 U.S.C. § 1983; 18 U.S.C. § 872

Against Defendants Drury and Akason, individually; DHHS and ND Dept. of Commerce

49. Plaintiff realleges paragraphs 27 through 30 as though fully set forth herein.

50. The January 28, 2026, 4:30 AM batch generation of five simultaneous SNAP adverse notices — within hours of Plaintiff's January 27, 2026 tribal court filing — constitutes retaliatory enforcement in violation of **42 U.S.C. § 1983**. The restoration of all withheld benefits within 72 hours of a written litigation threat (Exhibit AS) is the State's own proof that the withholding lacked substantive justification. *A legitimate administrative eligibility determination does not reverse itself within 72 hours of a legal threat.*

51. The May 20, 2025 demand by Defendant Drury for $850.00 — six days after the State's own DOT confirmed the fee was already paid (Exhibit P) — constitutes **extortion under color of state law** under **18 U.S.C. § 872** and **42 U.S.C. § 1983**. Demanding money under government authority when the government's own records confirm no money is owed is not administration. It is extortion.

52. Defendant Akason's April 2026 denial of Plaintiff's $148,000 grant using an unpromulgated rule — during the period Plaintiff was actively asserting his legal rights against the State — constitutes retaliatory interference with federally protected commercial activity actionable under 42 U.S.C. § 1983.

53. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered ongoing SNAP deprivation, denial of $148,000 in federal grant funds, and continuing commercial destruction. Plaintiff seeks compensatory damages, punitive damages against Defendants Drury and Akason individually, and prospective injunctive relief.

## COUNT V — CIVIL CONSPIRACY TO DEPRIVE CIVIL RIGHTS | 42 U.S.C. §§ 1985(3), 1986

Against All Individual Defendants

54. Plaintiff realleges paragraphs 20, 23, 25, 27–30, and 32 as though fully set forth herein.

55. Defendants Evenson, Knuth, Drury, and Akason — together with unnamed state actors — engaged in a coordinated, multi-agency conspiracy to deprive Plaintiff of his civil rights through economic attrition. The conspiracy is established by the Defendants' own records: (a) the dual-active docket fraud (Exhibit G — two agencies simultaneously enforcing the same void debt); (b) DHHS-Commerce coordination — proven by SNAP restoration within 72 hours of Commerce official notification of defendant status; (c) predictable enforcement escalation following each legal filing with no independent substantive justification; and (d) the Ghost Mailing overt act (¶ 20) — a sworn false service affidavit fabricated to manipulate Plaintiff's procedural rights.

56. The conspiracy targeted Plaintiff **because of** his status as an enrolled tribal member asserting federally protected rights under the Tribal Dissolution Decree (Exhibit J) and 28 U.S.C. § 1738B. Enrolled members of federally recognized Indian tribes constitute a cognizable class for § 1985(3) purposes. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983). The nine-year targeting of a tribal member's assertion of rights under a sovereign tribal court order satisfies the class-based animus element.

57. Defendant Knuth's failure to prevent Defendant Evenson's known forgery — despite his own access to the same court file — constitutes **neglect to prevent conspiracy under 42 U.S.C. § 1986**, for which he is personally liable.

58. As a direct and proximate result of the conspiracy, Plaintiff suffered all damages set forth herein. Plaintiff seeks compensatory damages, punitive damages, and treble damages to the extent authorized by law.

---

**COUNT VI — DRIVER'S PRIVACY PROTECTION ACT | 18 U.S.C. §§ 2721, 2724 (Civil Remedy) | PRIVACY ACT | 5 U.S.C. § 552a**

Against Defendants Drury and DHHS

59. Plaintiff realleges paragraph 24 as though fully set forth herein.

60. Defendants transmitted Plaintiff's unredacted Social Security Number without lawful authority in connection with three License Suspension Orders to the ND DOT (July 2017) and two additional written disclosures. (Exhibits BL, E.) These constitute violations of **18 U.S.C.**

§ 2721(b), which prohibits disclosure of personal information from motor vehicle records except in enumerated circumstances not applicable here.

61. The DPPA creates an explicit civil private right of action under **18 U.S.C. § 2724** providing: (a) **actual damages, but not less than liquidated damages of $2,500 per violation**; (b) punitive damages for willful or reckless violations; and (c) attorney's fees and costs. Five documented unauthorized disclosures yield a minimum statutory recovery of **$12,500**, plus punitive damages.

62. Additional claims arise under the Privacy Act, **5 U.S.C. § 552a**, for unauthorized disclosure of SSN records from DHHS federal-program record systems, with civil recovery under **5 U.S.C. § 552a(g)(4). NOTE: This Count does NOT arise under 18 U.S.C. § 1028 (criminal identity theft — no private civil remedy). It arises under 18 U.S.C. § 2724 (DPPA — explicit civil remedy) and 5 U.S.C. § 552a (Privacy Act — explicit civil remedy). Any 12(b)(6) motion targeting a § 1028 deficiency is inapplicable on its face.**

63. As a direct and proximate result of Defendants' unauthorized disclosures, Plaintiff suffered privacy violations and statutory damages. Plaintiff seeks $12,500 minimum in DPPA liquidated damages, punitive damages for willful violations, and costs under 18 U.S.C. § 2724(b)(3).

---

**COUNT VII — FALSE CLAIMS ACT | 31 U.S.C. § 3729 | NOTICE ONLY — QUI TAM FILED SEPARATELY UNDER SEAL**

Against State of North Dakota, DHHS, Devils Lake Regional Child Support Unit

64. NOTICE TO THE COURT AND TO THE UNITED STATES: **The False Claims Act qui tam cause of action arising from the conduct described in paragraph 25 (concurrent active dockets used to draw down federal Title IV-D matching funds on two void cases simultaneously) is filed separately, in camera and under seal, in strict compliance with 31 U.S.C. § 3730(b)(2). It is NOT included in this public complaint and is NOT served on Defendants.**

65. This notice is included solely to: (a) preserve Plaintiff's original-source status established by his February 13, 2026 HHS OIG disclosure (Exhibit BS) under **31 U.S.C. § 3730(e)(4)(B)**; (b) advise this Court of the existence of the parallel sealed filing; and (c) confirm that no

factual basis beyond what appears in this public complaint is disclosed herein. The sealed filing is complete and separate.

66. Plaintiff's relator share upon government recovery: 15–30% of proceeds under 31 U.S.C. § 3730(d). Estimated recoverable federal funds: $1,200,000–$1,900,000+.

---

### COUNT VIII — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS | Pendent State Tort | 28 U.S.C. § 1367

Against All Individual Defendants

67. Plaintiff realleges paragraphs 20–32 as though fully set forth herein.

68. Under North Dakota common law, intentional infliction of emotional distress requires: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of the probability of causing, severe emotional distress; (3) severe emotional distress suffered; and (4) causation. All four elements are fully satisfied here.

69. A nine-year campaign of manufactured debt, forged government affidavits, warrantless commercial license suspension, coordinated retaliatory benefit denials, federal fund interception, and inter-agency economic attrition constitutes extreme and outrageous conduct that exceeds all reasonable bounds of decency. This conduct was directed not only at Plaintiff but at his children — E.J.L. and T.J.L. — and their mother, Jennifer Lunday, all of whom depended on the child support enforcement structure being administered honestly.

70. Defendants knew or should have known that fabricating a $23,400 debt, forging a government seal, warrantlessly destroying an enrolled tribal member's commercial livelihood, and weaponizing federal benefit systems as retaliatory instruments would cause severe and lasting emotional distress to Plaintiff and his family. That distress has compounded for nine years and is fully compensable.

71. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff and his family have suffered severe emotional distress. Plaintiff seeks compensatory damages in an amount to be determined at trial, and punitive damages against each individual Defendant.

---

### COUNT IX — ABUSE OF PROCESS AND CONVERSION / UNJUST ENRICHMENT | Pendent State Torts | 28 U.S.C. § 1367

Against Defendants DHHS, Devils Lake Child Support Unit, Evenson, and Knuth

72. Plaintiff realleges paragraphs 21, 22, and 25 as though fully set forth herein.

73. fendants used the legal process of child support enforcement — license suspension referrals, SNAP enforcement triggers, and federal program certifications — for the ulterior purpose of: (a) drawing down federal Title IV-D matching funds on two simultaneously void cases; and (b) suppressing Plaintiff's legal challenges through systematic economic attrition — not for any legitimate enforcement purpose. This constitutes abuse of process under North Dakota common law.

74. Defendants intercepted Plaintiff's $1,200.00 COVID-19 CARES Act stimulus payment (Exhibit F) and $854.40 in additional federal funds (Exhibits I, AG, C) based on a manufactured debt resting on no valid legal foundation. This constitutes **conversion** of Plaintiff's personal property and **unjust enrichment** of the State of North Dakota. Defendants must disgorge all funds collected on void cases from 2010 to present, with statutory interest, as determined by a complete certified accounting ordered by this Court.

75. As a direct and proximate result of Defendants' abuse of process and conversion, Plaintiff suffered the loss of federally protected funds, the systematic destruction of his business through weaponized legal process, and ongoing financial harm. Plaintiff seeks full restitution with interest, compensatory damages, and punitive damages.

## COUNT X — VIOLATION OF 28 U.S.C. § 1738B (FFCCSOA) | CONTINUING FEDERAL MANDATE VIOLATION

Against Defendant State of North Dakota and DHHS (Official Capacity)

76. Plaintiff realleges paragraphs 17 and 18 as though fully set forth herein.

77. The Full Faith and Credit for Child Support Orders Act, **28 U.S.C. § 1738B**, requires every court and agency in the United States to enforce a child support order issued by a tribunal of competent jurisdiction, without modification, absent specific statutory conditions enumerated in § 1738B(e). The May 4, 2016 Tribal Dissolution Decree (Exhibit J) is such an order. The Turtle Mountain Tribal Court had proper jurisdiction. Both parties appeared and were duly notified. The decree was signed by Chief Judge MaDonna Marcellais.

78. From May 4, 2016, forward, the State of North Dakota was federally obligated to: (a) enforce the Tribal Decree as written; (b) refrain from operating any parallel conflicting enforcement apparatus; and (c) refrain from any modification of the tribal order except under § 1738B's specific enumerated conditions. The State violated all three obligations for nine consecutive

years — running void parallel enforcement, manufacturing a conflicting $23,400 debt, and never once applying § 1738B's controlling mandate. This constitutes a **continuing federal statutory violation** for which prospective declaratory and injunctive relief are available under *Ex Parte Young*, 209 U.S. 123 (1908).

79. This Count is independent of the due process claims in Count I and provides a separate, freestanding basis for this Court's authority to declare the Tribal Decree controlling and to void all conflicting state enforcement from May 4, 2016, forward.

## SECTION VI — DAMAGES

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer the following documented damages:

| CATEGORY OF DAMAGES | AMOUNT / STATUTORY FLOOR |
|---|---|
| Lost Commercial Revenue — R.E.Z. Underground (Jul. 2017–Jun. 2026, 9 years) | $800,000 – $1,200,000 |
| Federal Infrastructure Grant Wrongfully Denied — ND Dept. of Commerce (2026) | $148,000.00 |
| Federal COVID-19 CARES Act Stimulus Intercepted on Void Debt (2020) | $1,200.00 |
| Additional Federal Funds Seized Without Legal Basis (Exhibits I, AG, C) | $854.40 |
| CDL Pathway Destruction and Commercial Career Loss (9-year compounding) | $200,000 – $500,000 |
| Retaliatory SNAP Withholding (Jan. 27 – Apr. 25, 2026) | TBD at trial |
| Wrongful Debt Intercepts — Statutory Interest on All Void Collections (2010–present) | TBD — ordered accounting |
| DPPA Violations — 18 U.S.C. § 2724 ($2,500 floor × 5 unauthorized SSN disclosures) | $12,500.00 minimum |
| Privacy Act Violations — 5 U.S.C. § 552a(g)(4) | Actual damages + costs |
| Extortion Demand After DOT Confirmed Fee Paid — 18 U.S.C. § 872 | $850.00 |
| Intentional Infliction of Emotional Distress — Plaintiff and Family (9 years) | $100,000 – $300,000 |
| Punitive Damages — Forgery, Willful Perjury, Extortion, Manufactured Debt | $500,000 – $1,000,000+ |

| CONSERVATIVE TOTAL — LOWER BOUNDS ONLY (excl. qui tam, FCA trebling, accumulated interest, SNAP TBD) | $1,763,404.40+ |
|---|---|
| False Claims Act Qui Tam Relator Share (Sealed; 31 U.S.C. § 3730(d); 15–30% of $1.2M–$1.9M+) | $180,000 – $570,000+ (sealed) |

Note: Conservative total of $1,763,404.40 uses the lower bound of each range and excludes FCA treble damages, accumulated intercept interest, SNAP amounts, and qui tam share. Total potential recovery with all lines and FCA trebling: $2.5M – $4.5M+.

## SECTION VII — PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Dean Lunday Jr., an enrolled member of the Turtle Mountain Band of Chippewa Indians, appearing pro se, respectfully requests this Court enter judgment against all Defendants and grant:

### A. EMERGENCY RELIEF — Fed. R. Civ. P. 65 (TRO / Preliminary Injunction):

80. Immediately restore Plaintiff's standard driver's license, wrongfully suspended since July 2017 with no authorizing court order anywhere in the North Dakota record;

81. Immediately cease all collection, billing, enforcement, and interception on Case Nos. 40-2016-DM-28 and TM-20192570;

82. Immediately cease all retaliatory SNAP enforcement actions against Plaintiff;

83. Immediately preserve — without alteration, deletion, or overwrite — all DHHS-Commerce inter-agency communications, SNAP system logs, Title IV-D certifications, child support ledger entries, and dual-docket enforcement records from 2010 to present;

### B. DECLARATORY RELIEF — 28 U.S.C. § 2201:

84. Declaration that Case No. 40-2016-DM-28 is void ab initio for failure of personal service and Fourteenth Amendment due process;

85. Declaration that the May 4, 2016 Tribal Dissolution Decree (Exhibit J) is the controlling child support order entitled to full faith and credit under 28 U.S.C. § 1738B;

86. Declaration that the $23,400.00 ledger entry of September 16, 2019 (Exhibit C) was manufactured without legal authority and is void;

87. Declaration that the Evenson Affidavit (Exhibit D) constitutes document forgery and is void for all legal purposes;

88. Declaration that all enforcement actions on both void cases from July 2017 to present were unconstitutional and are void;

## C. COMPENSATORY, STATUTORY, AND PUNITIVE DAMAGES:

89. Compensatory damages for all injuries herein, not less than $1,763,404.40;

90. Punitive damages against Defendants Evenson and Knuth for document forgery and willful perjury;

91. Punitive damages against Defendant Drury for extortion under color of state law;

92. Full restitution of all funds intercepted or collected on void cases, with statutory interest, as determined by a court-ordered certified accounting;

93. DPPA statutory damages: $2,500 minimum × 5 violations = $12,500 minimum, plus punitive damages for willful violations (18 U.S.C. § 2724);

## D. FAMILY RESTORATION RELIEF:

94. A complete certified accounting of every dollar collected, intercepted, or credited in connection with Case Nos. 40-10-R-45, 40-2016-DM-28, and TM-20192570 from 2010 to present;

95. Written notification to Jennifer Lunday of her right to submit documentation of any payments she did not receive that the State's records show as collected;

96. Permanent erasure of the fraudulent $23,400.00 balance and all derivative enforcement from all state and federal records;

97. Referral of Defendants Evenson and Knuth to the North Dakota State Bar Association for disciplinary proceedings;

## E. ATTORNEY'S FEES AND COSTS:

98. Attorney's fees and costs pursuant to 42 U.S.C. § 1988, 18 U.S.C. § 2724(b)(3), and 31 U.S.C. § 3730(d);

99. Such other and further relief as this Court deems just and proper.

## SECTION VIII — JURY TRIAL DEMAND

Pursuant to the Seventh Amendment to the United States Constitution and **Fed. R. Civ. P. 38(b)**, Plaintiff demands a trial by jury on all issues so triable, and specifically on all factual questions relating to the manufacture of the $23,400.00 debt, the document forgery, the perjury, the retaliatory enforcement pattern, the destruction of R.E.Z. Underground, and all damages.

## SECTION IX — PREEMPTIVE RESPONSE TO ANTICIPATED RULE 12(b)(6) MOTION TO DISMISS

Plaintiff anticipates Defendants will move to dismiss under Fed. R. Civ. P. 12(b)(6). Each anticipated defense fails on its own grounds:

| ANTICIPATED DEFENSE | WHY IT FAILS — CONTROLLING AUTHORITY |
|---|---|
| 'Allegations are conclusory — Rule 8' | Every factual allegation is anchored to a specific exhibit created by Defendants themselves. Under Iqbal, 556 U.S. at 678, the standard is plausibility, not certainty. When the opposing party's own certified records supply the entire factual predicate, the pleading is not merely plausible — it is documented. Dismissal on Rule 8 grounds is not available. |
| 'Eleventh Amendment bars suit' | Plaintiff sues the State ONLY for prospective injunctive and declaratory relief. Ex Parte Young, 209 U.S. 123 (1908) — Eleventh Amendment does not bar prospective relief for ongoing constitutional violations. Individual defendants are sued personally for ultra vires conduct outside any lawful authority. Scheuer v. Rhodes, 416 U.S. 232 (1974). |
| 'Domestic relations exception' | Plaintiff does NOT ask this Court to issue or modify a child support order. The controlling order exists: the May 4, 2016 Tribal Decree (Exhibit J). Plaintiff asserts federal civil rights violations arising from nine years of defiance of a federally protected order. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) limits the exception to divorce, alimony, and custody decrees — not § 1983 claims. |
| 'Younger abstention' | Younger abstention does not apply where state proceedings are conducted in bad faith or to harass. Sprint Communications v. Jacobs, 571 U.S. 69 (2013). The State's own records prove bad faith: manufactured debt, forged affidavit, concurrent void dockets. Moreover, the administrative catch-22 (Exhibit BM) — enforcing a tribal court case while blocking federal review of tribal orders — forecloses any meaningful state remedy. |
| 'Qualified immunity' | Qualified immunity does not protect: (1) Evenson's forgery — the right to be free from government officials submitting forged documents to courts of record was clearly established; (2) Knuth's willful perjury — constructive notice doctrine was clearly established; (3) Drury's extortion — demanding payment after the government's own records confirm payment was clearly established as unconstitutional. Pearson v. Callahan, 555 U.S. 223 (2009). Each fails the qualified immunity test independently. |

| | |
|---|---|
| 'No civil action under 18 U.S.C. § 1028' | Correct — and Plaintiff does NOT plead § 1028. Count VI arises under 18 U.S.C. § 2724 (DPPA — explicit private right of action, $2,500 minimum per violation) and 5 U.S.C. § 552a (Privacy Act — explicit civil remedy). Any motion targeting § 1028 is inapplicable on its face. |
| '§ 1985(3) lacks class-based animus' | Enrolled tribal members are a cognizable class for § 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983). Nine years of targeting an enrolled tribal member's assertion of rights under a sovereign tribal court order establishes animus as a matter of documented conduct. |
| 'Claims time-barred under § 1983 (3-year ND limit)' | The continuing violation doctrine applies to all ongoing conduct. New enforcement notices issued May 26, 2026 (Exhibit BM) and June 1, 2026 (Exhibit BN) are within any limitations period. Each new enforcement action on a void case constitutes a fresh constitutional tort. Moreover, fraudulent concealment through forged documents (Exhibit D) and manufactured ledger entries (Exhibit C) tolled the statute of limitations throughout. No time bar applies. |

## SECTION X — CERTIFICATION UNDER FED. R. CIV. P. 11

I, James Dean Lunday Jr., Plaintiff pro se, certify under penalty of sanctions pursuant to Fed. R. Civ. P. 11(b) that: (1) this complaint is not presented for any improper purpose, including harassment, unnecessary delay, or needless increase in the cost of litigation; (2) each legal claim is warranted by existing law or by a nonfrivolous argument for its extension, modification, or reversal; and (3) each factual allegation has or is likely to have evidentiary support — consisting entirely of certified state-produced records, federal agency documents, and official court records that speak for themselves. Every factual allegation in Section III is anchored to a specifically labeled exhibit contained in FILE E of this filing package.

Respectfully submitted,

_James Lunday JR_

**James Dean Lunday Jr., Plaintiff, Pro Se**
Enrolled Member, Turtle Mountain Band of Chippewa Indians
Owner and Principal, R.E.Z. Underground (TERO-Certified)
3394 BIA Road 8, Dunseith, North Dakota 58329
Telephone: (701) 244-5826

Email: jameslunday@rocketmail.com

Dated this 24 day of June , 2026.

FILE A — Document 1 of 8 — Revised Final — Perfected Version

---

## CERTIFICATE OF SERVICE  (Fed. R. Civ. P. 5)

I hereby certify that on the date set forth above, I submitted this Revised Complaint and all accompanying documents (FILES A through H) to the Clerk of the United States District Court for the District of North Dakota, Northwestern Division, for filing, and that copies will be served upon all Defendants promptly following assignment of a case number, pursuant to Fed. R. Civ. P. 4 and 5, as follows:

State of North Dakota; DHHS; Devils Lake Child Support Unit;
ND Dept. of Commerce — served through:
Office of the North Dakota Attorney General
500 North 9th Street, Bismarck, North Dakota 58501

Individual Defendants Knuth, Evenson, Drury, and Akason:
Served individually by personal service or waiver pursuant to Fed. R. Civ. P. 4(d),
at their last known business addresses as set forth in Exhibits AA and BG.

Method of Service:  [ X ] U.S. Mail, First Class, Postage Prepaid
            [ X ] Electronic Service where counsel has consented

James Dean Lunday Jr., Plaintiff, Pro Se
Date: 56-24-2026

---

**END OF REVISED COMPLAINT  —  LUNDAY v. STATE OF NORTH DAKOTA, et al.**

FILE A — Document 1 of 8  |  U.S. District Court, District of North Dakota, Northwestern Division